Per Curiam.

The sole question to be decided is whether the purpose of the appellant, in purchasing these items, was “to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing,” thereby excepting the purchase of such items from the sales or use tax under the provisions of Sections 5739.01 and 5741.01, Revised Code.
With the items in the third category, i. e., the tarpaulins and insulation for trucks used to haul the manufactured product, we have no difficulty. These items were used subsequent to *106 the completion of the manufacturing process, and we agree with the Board of Tax Appeals that they had no connection with the production of the product.
The taxability of the purchase of the electrical equipment used to activate the feeders must stand or fall on the determination of the taxability as to the feeders themselves. The factual determination as to the use of the feeders presents an extremely close question.
This court has adopted a physical test so far as the ques-. tion involved herein is concerned and has stated the test in several opinions as follows: "When does the manufacturing or processing activity begin and end, and is the property used or consumed during and in the manufacturing or processing period? See Youngstown Building Material & Fuel Co. v. Bowers, Tax Commr., 167 Ohio St., 363, and cases cited therein.
The determination of any given question under this test almost always involves factual issues, many of which present extremely close questions. The Board of Tax Appeals is charged with the responsibility for making that factual determination, and if its determination is neither unreasonable nor unlawful it must be affirmed, even though some of the members of this court, sitting as members of the Board of Tax Appeals, might have reached different conclusions on the facts.
The following statement of this court in Hercules Galion Products, Inc., v. Bowers, Tax Commr., 171 Ohio St., 176, is appropriate here:
“When the General Assembly provided for a direct appeal to this court from a decision of the Board of Tax Appeals, it was certainly not its intention to make of this court a ‘super’ board of tax appeals. The entire structure of the Department of Taxation and the Board of Tax Appeals, of necessity, requires some measure of finality in the Board of Tax Appeals.
“In a long line of cases this court has laid down certain rules in an attempt to define the words, ‘used directly in manufacturing,’ etc. Having done so it must repose in the administrative appeal board the power to apply those rules to the different factual situations as they arise. It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on such factual issues but only to deter *107 mine from an examination of the record whether the decision reached by the board is unreasonable or unlawful.”
Prom an examination of the record in this case, this court is unable to find that the decision of the Board of Tax Appeals is unreasonable or unlawful, and the decision is,' therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
Taet and O’Neill, JJ., concur in part and dissent in part.
Herbert, J., not participating.